**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| FRIENDS OF THE EARTH, | ) | |
| 1717 Massachusetts Ave, NW, Suite 600 | ) | |
| Washington DC, 20036, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| STEPHEN L. JOHNSON, | ) | |
| in his official capacity as Administrator, | ) | |
| U.S. Environmental Protection Agency | ) | |
| 1200 Pennsylvania Avenue, NW | ) | |
| Washington, DC, 20460, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**PLAINTIFF'S COMPLAINT FOR DECLATORY JUDGMENT
AND INJUNCTIVE RELIEF**

**<u>INTRODUCTION</u>**

1.      Plaintiff Friends of the Earth is a non-profit organization, of which

Bluewater Network has been a division since March 2005. Plaintiff is one of the world's

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

largest networks of environmental groups, representing more than one million members in 70 countries and five continents.  Plaintiff brings this action for declaratory judgment and mandamus or other injunctive relief against Defendant Stephen L. Johnson, in his official capacity as the Administrator of the United States Environmental Protection Agency (EPA) for failing to respond substantively to Plaintiff's petition to assess and regulate pollution from cruise ships ("Cruise Ship Petition"), pursuant to the Administrative Procedure Act (APA), 5 U.S.C. §§ 553(e), 555(b), and 555(e).

2.     On March 17, 2000, more than seven years ago, Bluewater Network submitted its request for rulemaking to EPA on behalf of 53 organizations.  Defendant has failed to respond substantively to Plaintiff's petition, in violation of EPA's obligation under 5 U.S.C. § 553(e) of the APA to provide Plaintiff the right to petition for the issuance, amendment, or repeal of a rule, and EPA's duty under 5 U.S.C. § 555(b) to conclude the matter presented to it within a reasonable time.

3.     Plaintiff respectfully requests that this Court issue a declaratory judgment that Defendant's inaction is a violation of the APA, and issue an order directing EPA to respond substantively to Plaintiff's petition lodged now more than seven years ago.

## PARTIES

4.     Plaintiff Friends of the Earth is one of the world's largest networks of environmental groups with one million supporters in 70 countries across five continents.

5.     Bluewater Network has been a division of Friends of the Earth since the two organizations merged in March 2005.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL,  P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

6.     Plaintiff and its members have a substantial and particular interest in the health of the aquatic ecosystems where cruise ships discharge wastes and pollutants.

7.     Plaintiff maintains its principal office at 1717 Massachusetts Ave, NW, Suite 600, Washington DC, 20036.

8.     Plaintiff and its members regularly use and enjoy the fish, wildlife, water, and other natural resources of the waters of the United States, for a variety of recreational, aesthetic and educational purposes.  These purposes include, but are not limited to, boating, fishing, swimming, wildlife observation, interpretive field trips, photography, and aesthetic appreciation.  Plaintiff and its members intend to do all of the foregoing on an ongoing basis in the future and thereby do and will continue to derive recreational, aesthetic, educational, and economic benefits from the natural resources of these aquatic ecosystems.

9.     Discharge of pollutants by cruise ships impedes, limits, and harms Plaintiff's and Plaintiff's members' ability to participate in the abovementioned activities.

10.     Plaintiff produces materials for the public and local and federal governments to assess the economic and environmental impacts of cruise ships. Plaintiff's materials often analyze the legal and regulatory means taken by federal agencies to address the various economic and environmental impacts associated with cruise ships.

11.     Plaintiff's interests are being, and will continue to be, adversely affected by Defendant's actions complained of herein.  In particular, Defendant's unreasonable seven-year delay in responding substantively to the Cruise Ship Petition injures Plaintiff

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

3

by postponing indefinitely Plaintiff's procedural right to petition a federal agency for rulemaking under the APA and to receive a timely response.

12.    Defendant's unreasonable delay also directly harms Plaintiff's goals and functions by impeding Plaintiff's ability to further facilitate public involvement in governmental decision-making by foreclosing a statutory right that allows for public participation through petitions for rulemaking.

13.    Defendant's failure to provide a response to the Cruise Ship Petition (and the substantive information contained therein) impedes Plaintiff's daily operations by impairing Plaintiff's use of the petitioning process to obtain a complete and comprehensive agency interpretation of the EPA's legal authority to regulate cruise ship emissions under the Clean Water Act.  Plaintiff's technical reports and policy analyses rely on the receipt of such federal agency interpretations of statutory authority.

14.    Defendant's failure to provide an answer to the Cruise Ship Petition deprives Plaintiff of the information necessary to create and analyze policy proposals concerning transportation technologies that conform to EPA's current statutory interpretation of the Clean Water Act.

15.    Defendant's unreasonable delay adversely affects Plaintiff's ability to disseminate EPA's current statutory interpretation of the Clean Water Act to the public, state and local governments, policymakers, and others interested in the possible use of existing federal laws as regulatory tools for addressing cruise ships emissions.

16.    Defendant Stephen L. Johnson is the Administrator of the United States Environmental Protection Agency, with its principal office located at 1200 Pennsylvania

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P.O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

4

Avenue, NW, Washington, DC, 20460.  As Administrator, Defendant Johnson has the ultimate responsibility for the activities of the EPA, including those actions complained of herein.  The EPA is the federal agency with the primary responsibility for implementing the Clean Water Act.

## JURISDICTION AND VENUE

17.    Plaintiff has a right to bring this action pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

18.    This Court has jurisdiction over this action pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1) (scope of review), as well as 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1346 (United States as defendant).

19.    The relief requested is specifically authorized pursuant to 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 1657 (writs), 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), and 28 U.S.C. § 2412 (costs and fees).  There is a present and actual controversy between the parties.

20.    Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391(e) because the Plaintiff resides in the District of Columbia, Defendant maintains offices in the District of Columbia, and a substantial part of the events and omissions which gave rise to this action occurred in this district.

## STATEMENT OF FACTS

21.    On March 17, 2000, Bluewater Network, along with 53 other organizations, petitioned EPA to "identify and take regulatory action on measures to address pollution by cruise ships."

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL,  P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

22.    On March 31, 2000, EPA issued an internal memorandum on the "Petition to Assess and Regulate Pollution from Cruise Ships," in order to coordinate the various agency personnel whose participation might be necessary to address the issues raised in the petition.  EPA stated at the time that a "[r]apid response to this petition is necessary, both because of the importance of the issue, and because extensive state and regional efforts to address cruise line pollution are proceeding at a fast pace, and these must be engaged to provide an effective national response."  Attached to the memorandum was an "Action Plan for Cruise Ship Petition Response" that included a target response date of October 1, 2000.

23.    In an April 24, 2000, letter to Bluewater Network, EPA acknowledged receipt of the Cruise Ship Petition and stated that staff had been directed to "initiate an assessment of cruise ship waste streams and management practices."

24.    On May 12, 2000, EPA acknowledged receipt of a follow-up letter from Bluewater Network, stating that EPA "will thoroughly review the issues raised in your letter."

25.    On August 8, 2000, EPA released a white paper on cruise ship pollution. The white paper's executive summary stated that the paper provided preliminary recommendations for EPA's response to the Cruise Ship Petition and emphasized that the "options presented in the paper should not be interpreted as Agency recommendations or as a decision on the Bluewater Network petition."  One of the paper's five recommended EPA actions was to release a draft assessment of cruise ship waste streams and environmental management options to the public.

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

6

26.    EPA held public hearings on cruise ship pollution in Los Angeles, California on September 6, 2000, in Juneau, Alaska on September 8, 2000, and in Miami, Florida on September 12, 2000.

27.    On March 29, 2001, Bluewater Network requested that EPA consider an addendum to its Cruise Ship Petition seeking to include air emissions in the waste streams being examined in EPA's assessment.

28.    In a letter dated July 16, 2001, EPA responded to Bluewater Network's addendum request by confirming that the original Cruise Ship Petition was still being reviewed and that the process was expected to be completed "in the next few months."

29.    In September 2002, EPA released its Cruise Ship Plume Tracking Survey Report, which did not reference the Cruise Ship Petition.

30.    In public presentations in 2003 and 2004, EPA mentioned that its assessment of cruise ship waste streams would be released in 2004.

31.    In March 2005, Bluewater Network and Friends of the Earth finalized their merger, with Bluewater Network formally becoming a division of Friends of the Earth.

32.    On July 27, 2006, Plaintiff wrote to EPA Assistant Administrator Benjamin Grumbles to inquire about the status of the Cruise Ship Petition and to request that a draft of EPA's assessment report be released immediately to the public.  Mr. Grumbles acknowledged Plaintiff's letter in his August 23, 2006 reply and stated that EPA was "actively working to complete the assessment report."

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

7

33.    On October 10, 2006, EPA responded to an inquiry from U.S. Senator Richard Durbin regarding the status of the agency's Cruise Ship Discharge Assessment Report.  The report has long been EPA's promised response to Plaintiff's Cruise Ship Petition.  Assistant Administrator Grumbles wrote that EPA was "actively working on [the report] and plan[ned] to release it for public comment" in a matter of months, echoing the language that EPA has used in its correspondence since March 2000.

34.    More than seven years have elapsed since the Cruise Ship Petition was first submitted to the EPA.  As of this filing, EPA has still failed to grant or deny Plaintiff's petition for regulatory action to address cruise ship pollution.

## CLAIMS AND CAUSES OF ACTION

35.    Plaintiff incorporates by reference all allegations contained in paragraphs 1 through 34, *supra*.

36.    Pursuant to the APA, 5 U.S.C. § 553(e), and the EPA's implementing regulations found at 40 C.F.R. § 25, Plaintiff presented to EPA a petition for regulatory action on measures to address pollution by cruise ships.  To date, EPA has failed to provide Plaintiff with a substantive answer to the Cruise Ship Petition.

37.    The APA, 5 U.S.C. § 555(b), requires that the Administrator of the EPA "within a reasonable time . . . proceed to conclude a matter presented to it."

38.    Furthermore, the APA, 5 U.S.C. § 555(e) requires that "[p]rompt notice" be provided to a petitioner when EPA denies a petition, and that EPA also provide "a brief statement of the grounds for the denial."

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE  BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL,  P. O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

8

39.    The APA, 5 U.S.C. § 706(1) further provides that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed."

40.    EPA's failure to provide a substantive answer to the Cruise Ship Petition in a reasonable time violates the APA, 5 U.S.C. §§ 553(e), 555(b), and 555(e).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an order in favor of Plaintiff:

(1)    Declaring that Defendant's unreasonable delay in responding to the Cruise Ship Petition violates the Administrative Procedure Act;

(2)    Ordering EPA to provide a substantive answer to the Cruise Ship Petition within sixty (60) days after the entrance of this Order;

(3)    Retaining jurisdiction of this action to ensure compliance with the Court's decree;

(4)    Awarding Plaintiff attorney's fees and all other reasonable expenses incurred in pursuit of this action; and

(5)    Granting other such relief as the Court may deem just and proper.

.        .        .

.        .        .

.        .        .

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL, P.O. BOX 85110
SEATTLE, WA 98145
(206) 543-3434

DATED this 9th day of May, 2007.

Respectfully Submitted,

KATHY AND STEVE BERMAN
ENVIRONMENTAL LAW CLINIC


  /s/ Michael J. Robinson-Dorn
Michael J. Robinson-Dorn
DC Bar No. 439257
Assistant Professor of Law & Director,
Kathy and Steve Berman Environmental Law Clinic
University of Washington School of Law
William H. Gates Hall, Suite 265
P.O. Box 85110
Seattle, WA 98145-1110
(206) 543-3434
(206) 685-2388 FAX

Counsel for Friends of the Earth

COMPLAINT FOR DECLARATORY
JUDGMENT AND INJUNCTIVE RELIEF

UNIVERSITY OF WASHINGTON SCHOOL OF LAW
KATHY AND STEVE BERMAN ENVIRONMENTAL LAW CLINIC
WILLIAM H. GATES HALL,  P.O. BOX  85110
SEATTLE,  WA 98145
(206) 543-3434

10

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FRIENDS OF THE EARTH, a non-profit organization | STEPHEN L. JOHNSON, in his official capacity as Administrator, U.S. Environmental Protection Agency |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael J. Robinson-Dorn
Kathy and Steve Berman Environmental Law Clinic
University of Washington School of Law, Wm. H. Gates Hall
P.O. Box 85110
Seattle, WA 98145-1110
(206) 543-3434

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

◉ **C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☒ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**    OR    ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Administrative Procedure Act (APA), 5 U.S.C. §§ 553(e), 555(b), and 555(e). Failure to respond to petition for issuance of a rule.

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐ | **DEMAND $** _____ | Check YES only if demanded in complain |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☒ |

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  5/9/2007    SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.