IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH, <br><br> Plaintiff, <br><br> v. <br><br> STEPHEN L. JOHNSON, in his official capacity as Administrator, U.S. Environmental Protection Agency <br><br> Defendant. | C.A. No. 07-872 |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

1. Defendant has insufficient information to admit or deny the allegations in the first two sentences of ¶ 1 of the Complaint. The allegations in the third sentence of ¶ 1 of the Complaint are a characterization of Plaintiff's claim and require no response.

2. Defendant admits that Bluewater Network submitted an administrative petition ("petition") dated March 17, 2000 to the United States Environmental Protection Agency ("EPA") requesting, among other things, that EPA "identify and take regulatory action on measures to address pollution from cruise ships." Defendant admits that EPA has not presented a substantive response to Plaintiff. The remaining allegations in the second sentence of ¶ 2 call for legal conclusions and require no response.

3. The allegations contained in ¶ 3 are requests for relief and require no response.

4. Defendant has insufficient information to admit or deny the allegations in ¶ 4 of the

Complaint.

5. Defendant has insufficient information to admit or deny the allegations in ¶ 5 of the Complaint.

6. Defendant has insufficient information to admit or deny the allegations in ¶ 6 of the Complaint.

7. Defendant has insufficient information to admit or deny the allegations in ¶ 7 of the Complaint.

8. Defendant has insufficient information to admit or deny the allegations in ¶ 8 of the Complaint.

9. Defendant has insufficient information to admit or deny the allegations in ¶ 9 of the Complaint.

10. Defendant has insufficient information to admit or deny the allegations in ¶ 10 of the Complaint.

11. The allegations contained in ¶ 11 call for legal conclusions and require no response. To the extent that any of the allegations contained in ¶ 11 require a response, Defendant denies that it has unreasonably delayed in responding to Plaintiff's petition.

12. The allegations contained in ¶ 12 call for legal conclusions and require no response. To the extent that any of the allegations contained in ¶ 12 require a response, Defendant denies that it has unreasonably delayed in responding to Plaintiff's petition.

13. Defendant has insufficient information to admit or deny the allegations in ¶ 13 of the Complaint.

14. Defendant has insufficient information to admit or deny the allegations in ¶ 14 of the

Complaint.

15. Defendant has insufficient information to admit or deny the allegations in ¶ 10 of the Complaint. To the extent that any of the allegations contained in ¶ 15 require a response, Defendant denies that it has unreasonably delayed in responding to Plaintiff's petition.

16. Defendant admits the allegations contained in ¶ 16 of the Complaint.

17. The allegation contained in ¶ 17 of the Complaint calls for a legal conclusion and requires no response. To the extent that the allegations contained in ¶ 17 characterize the Administrative Procedure Act ("APA"), Defendant responds that the statute speaks for itself.

18. The allegations contained in ¶ 18 call for legal conclusions, and require no response. To the extent that the allegations of ¶ 18 characterize the APA and other federal statutes, Defendant responds that the statutes speak for themselves.

19. The allegations contained in ¶ 19 call for legal conclusions, and require no response. To the extent that the allegations of ¶ 19 characterize federal statutes, Defendant responds that the statutes speak for themselves.

20. The allegations contained in ¶ 20 call for legal conclusions and require no response.

21. Defendant admits that it received a petition dated March 17, 2000 from Bluewater Network and a coalition of other organizations requesting that EPA take the action described in ¶ 21 of the Complaint.

22. Defendant admits that EPA managers distributed a deliberative document (over which EPA did not waive its claim of privilege against release) internally to EPA staff for the purposes described in the first sentence of ¶ 22. Defendant admits that the document

includes the quoted statements in ¶ 22 and attached the action plan described in the last sentence of ¶ 22.

23. Defendant admits the allegations contained in ¶ 23 of the Complaint.

24. Defendant admits the allegations contained in ¶ 24 of the Complaint.

25. Defendant admits that it released an EPA document captioned "Cruise Ship White Paper" dated August 22, 2000. Defendant admits the allegations in the remaining sentences of ¶ 25 of the Complaint.

26. Defendant admits the allegations in ¶ 26 of the Complaint.

27. Defendant admits that EPA received correspondence dated August 2, 2000, captioned "Addendum to Bluewater Network's March 17, 2000 petition to address pollution by cruise ships" which requested that EPA include air emissions in the waste streams being examined in EPA's assessment.

28. Defendant admits the allegation in ¶ 28 of the Complaint.

29. Defendant admits that EPA released an EPA document captioned "Cruise Ship Plume Tracking Survey Report," but denies the allegation in ¶ 29 that the document did not reference Plaintiff's petition. The EPA document references Plaintiff's petition on p.1 in the Introduction.

30. Defendant admits the allegations in ¶ 30.

31. Defendant has insufficient information to admit or deny the allegations in ¶ 31 of the Complaint.

32. Defendant admits the allegations contained in ¶ 32 of the Complaint.

33. Defendant admits that on October 10, 2006, and on October 31, 2006, EPA responded to

inquiries from U.S. Senator Richard Durbin and U.S. Representative Sam Farr, respectively, regarding the status of EPA's Cruise Ship Discharge Assessment Report. Defendant admits that Assistant Administrator Grumbles wrote that EPA was "actively working on [the report] and plan[ned] to release it for public comment", but denies that EPA stated it would do so in a matter of months. Instead, EPA explained that the Agency planned to release it for public comment in the fall of 2007.

34. Defendant admits the allegations contained in ¶ 34 of the Complaint.

35. In response to ¶ 35 of the Complaint, Defendant incorporates its responses to ¶¶ 1 through 34.

36. To the extent that the allegations contained in ¶ 36 characterize the APA and EPA's regulations, Defendant responds that the statute and regulations speak for themselves. Defendant admits that Plaintiff presented EPA with a petition recommending that EPA conduct an "assessment" regarding cruise ships and formulate recommendations "to better control and regulate [cruise ship] waste streams." Defendant admits that EPA has not provided Plaintiff with a substantive response to this petition to date.

37. The allegation contained in ¶ 37 characterizes the APA, and Defendant responds that the statute speaks for itself.

38. The allegations contained in ¶ 38 characterize the APA, and Defendant responds that the statute speaks for itself.

39. The allegation contained in ¶ 39 characterizes the APA, and Defendant responds that the statute speaks for itself.

40. The allegation contained in ¶ 40 calls for a legal conclusion and no response is required.

To the extent that a response is warranted, Defendant denies that it has unreasonably delayed in responding to Plaintiff's petition.

## **GENERAL DENIAL**

To the extent that this Answer does not contain a response to any allegations of the Complaint, EPA generally denies such allegations.

## **AFFIRMATIVE DEFENSES**

Defendant alleges the following Affirmative Defenses to the Complaint:

1.   This Court lacks jurisdiction over some or all of Plaintiff's causes of action.

Wherefore, EPA respectfully prays that the Plaintiff's Prayer for Relief be denied.

        Respectfully submitted,
        RONALD J. TENPAS
        Acting Assistant Attorney General
        Environment & Natural Resources Division

        _____/s/_____
        CATHERINE M. WANNAMAKER
        Environmental Defense Section
        United States Department of Justice
        P.O. Box 23986
        Washington, DC 20026-3986
        (202) 514-9365 (phone)
        (202) 514-8865 (fax)
        Catherine.Wannamaker@usdoj.gov

**OF COUNSEL**:
Stephen J. Sweeney
U.S. Environmental Protection Agency
Office of General Counsel
Water Law Office (2355A)
1200 Pennsylvania Ave., NW
Washington, D.C.   20460

(202)564-5491
(202)564-5477 (fax)
sweeney.steve@epa.gov


Dated:        August 29, 2007

**CERTIFICATE OF SERVICE**

      I hereby certify that, on August 29, 2007, a copy of this pleading was served upon the following counsel of record through the Court's electronic filing system and with a courtesy copy served via email:

Michael J. Robinson-Dorn
University of Washington School of Law
William H. Gates Hall, Suite 265
P.O. Box 85110
Seattle, WA 98145-1110
(206) 543-3434
Email: mjrd@u.washington.edu

*Counsel for Plaintiff Friends of the Earth*

                                                       /s/
                                       Catherine M. Wannamaker

DATED: August 29, 2007